IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TRACY D. FULLEN,

    Plaintiff,

v.                                                      Civil Action No. 5:07CV93
                                                                       (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Tracy D. Fullen, filed an application for Disability Insurance Benefits ("DIB") under Title II, of the Social Security Act, 42 U.S.C. §§ 401-433. In the application, the plaintiff alleges disability since December 31, 1995, resulting from problems with his neck, shoulders, back, and ankles, Charcot-Marie-Tooth ("CMT") disease, and a learning disorder. The plaintiff's application was denied at the initial and reconsideration levels. The plaintiff requested a hearing, and a hearing before an Administrative Law Judge ("ALJ") was held. Subsequently, the ALJ issued a decision finding that the plaintiff is not under a disability as defined by the Social Security Act. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action

pursuant to 42 U.S.C. §§ 405(g) and 1381(c)(3) seeking judicial review of the adverse decision.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties filed cross motions for summary judgment. Magistrate Judge Seibert considered the plaintiff's and the defendant's motions for summary judgment and submitted a report and recommendation. In his report, the magistrate judge recommended that the plaintiff's motion for summary judgment be granted and that the case be remanded solely for a determination of the plaintiff's residual functional capacity ("RFC") in light of the limitations in concentration, persistence, and pace identified by the ALJ as arising from the plaintiff's learning disability. The magistrate judge also recommended that the defendant's motion for summary judgment be denied.

In his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The defendant filed timely objections. The plaintiff has filed no objections. For the reasons articulated below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted as to the findings set forth therein and

insofar as it recommends denying the defendant's motion for summary judgment and granting the plaintiff's motion for summary judgment for the purpose of remanding for a determination of the plaintiff's RFC in light of the limitations in concentration, persistence and pace identified by the ALJ as arising from the plaintiff's learning disability. However, to the extent that the magistrate judge's report could be construed as recommending granting the plaintiff's motion for summary judgment its entirety, this Court will decline to adopt any portions which might suggest remand of the entire case.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because timely objections have been filed by the defendant, a de novo review of those portions of the report and recommendation to which the defendant has objected is proper. All other findings of the magistrate judge will be reviewed for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## III. Discussion

This Court believes that a reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section II of Magistrate Judge Seibert's report and recommendation.

In his motion for summary judgment, the plaintiff raises two broad arguments. First, he contends that the ALJ erred by failing to consider adequately the plaintiff's mental impairment. Specifically, the plaintiff contends that the ALJ's inconsistent

characterization of the plaintiff's learning disability as severe and non-severe is sufficient to warrant remand. Alternatively, he contends that if the ALJ, in fact, found the learning disability to be not severe, then such determination was contradicted by the evidence in the record and the ALJ's refusal to order a consultative examination was in error, but that if, in fact, the ALJ found the learning disability to be severe, then the ALJ erred by failing to include any limitations from that impairment in the RFC assessment and the hypothetical question presented to the Vocational Expert ("VE").

As his second argument, the plaintiff asserts that the ALJ's assessment of the plaintiff's RFC is not supported by substantial evidence. Specifically, he claims that the RFC assessment omits accommodation for the severe pain which the ALJ found constituted a severe impairment and that the assessment erroneously finds the plaintiff capable of performing light work.

The defendant's motion for summary judgment argues that the ALJ's inconsistent treatment of the severity of the plaintiff's learning disability was harmless error. The defendant also contends that the ALJ correctly concluded that the plaintiff's learning disability was not severe and properly accounted for the learning disability in the RFC assessment. Further, according to the defendant, the ALJ had no duty to request a consultative examination and therefore did not err by refusing to do so.

Finally, the defendant argues that substantial evidence supports the ALJ's assessment of the plaintiff's RFC.

On March 12, 2008, Magistrate Judge Seibert issued a report and recommendation in which he made the following findings: (1) that the ALJ had erred by inconsistently characterizing the plaintiff's learning disability as severe and not severe, but that such error was harmless and did not warrant remand; (2) that the ALJ did not err in concluding that the plaintiff's learning disability was not severe; (3) that the ALJ's exclusion of the plaintiff's learning disability in the RFC is supported by substantial evidence, but that the ALJ's failure to include the plaintiff's limitations in concentration, persistence, and pace, all of which were identified by the ALJ as arising from the plaintiff's learning disability, warrants remand;(4) that the ALJ did not err by failing to order a consultative examination to evaluate the plaintiff's learning disability; and (5) that the RFC is supported by substantial evidence. In light of these findings, the magistrate judge recommended that the defendant's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be granted, and that the case be remanded solely for a determination of the plaintiff's RFC in light of the limitations in concentration, persistence, and pace identified by the ALJ as arising from the plaintiff's learning disability.

The plaintiff filed no objections, and the defendant objected only to that portion of the report recommending remand for further consideration by the ALJ of the limitations in concentration, persistence, and pace arising from the plaintiff's learning disability. Accordingly, having reviewed that portion of the report and recommendation <u>de novo</u> and the remaining portions for clear error, this Court agrees with the magistrate judge's findings.

First, the ALJ's characterization of the plaintiff's learning disability as severe in his findings of fact, as not severe in his consideration of the Listings, and as not severe in his assessment of the plaintiff's RFC does not warrant remand. The ALJ's conclusions in his analysis of the Listings and determination of the plaintiff's RFC were based upon his consideration of the evidence in the record, not upon the label he assigned to the severity of the plaintiff's learning disability. In light of the ALJ's consideration of the evidence in the record in conducting the Listings analysis and making the RFC determination, the magistrate judge committed no clear error in concluding that the inconsistent characterization is harmless error, and remand on this basis is unwarranted.

Second, the ALJ did not err by concluding that the plaintiff's learning disability is not severe. The record indicates that the plaintiff graduated from high school, albeit by attending special

7

education classes; he worked as a truck driver; and he currently maintains a self-sufficient lifestyle. That the plaintiff required special education services during his schooling is but one fact to be considered, along with all other relevant evidence, and this fact, standing along, is insufficient to establish a severe mental impairment. See 20 C.F.R. § 416.924a(b)(7)(iv). In light of the plaintiff's successful completion of high school, his subsequent work history as a truck driver, and his ability to perform daily activities, this Court finds no clear error in the magistrate judge's finding that the ALJ did not err in his conclusion that the plaintiff's learning disability is non-severe.

Third, the ALJ did not err by omitting the plaintiff's learning disability in the RFC assessment. The medical record and lifestyle evidence, the latter of which indicates that the plaintiff cares for himself, performs household chores, shops, and drives a car, do not indicate the presence of any limitation arising from the plaintiff's learning disability. Under a clear error standard of review, this Court agrees with the magistrate judge that the ALJ's omission of the plaintiff's learning disability from the RFC assessment is supported by substantial evidence, and that remand on that basis is unwarranted.

However, the ALJ made a finding of certain limitations arising from the learning disability, namely "mild limitations in concentration, persistence and pace." (A.R. 19.) The ALJ

8

identified limitations arising from the plaintiff's learning disability but failed to consider the impact of those limitations on the plaintiff's ability to perform work tasks. An RFC assessment must include consideration of any limitations arising from a claimant's impairments. See C.F.R. § 404.1520(e); SSR 96-8p. Accordingly, the magistrate judge found that the ALJ's omission in the RFC assessment of these limitations was error and recommended remand of this action for the purpose of remanding for a determination of the plaintiff's RFC in light of the limitations in concentration, persistence and pace identified by the ALJ as arising from the plaintiff's learning disability. The defendant objects to this portion of the report and recommendation. The defendant argues that the plaintiff's mild limitation in concentration, persistence, and pace has not materially affected his ability to engage in basic work activities or to perform the basic demands of unskilled work and that, therefore, the ALJ's final decision is supported by substantial evidence. Upon de novo review of the record concerning this portion of the magistrate judge's report and recommendation, this Court finds that the ALJ should have considered the limitations in concentration, persistence, and pace arising from the plaintiff's learning disability when determining the plaintiff's RFC. Accordingly, remand is required for the limited purpose of the ALJ's

consideration in the RFC assessment of the limitations the ALJ identified as arising from the plaintiff's learning disability.

Fourth, the ALJ did not err by refusing to grant the plaintiff's request for a consultative examination. In some cases, the development of a full and fair record may require a consultative examination. See 20 C.F.R. § 404.1519a. However, the decision to order a consultative examination is committed to the discretion of the ALJ. See Wren v. Sullivan, 925 F.2d 123 (5th Cir. 1991). Where the record as a whole provides sufficient, unambiguous, and non-conflicting evidence to support the ALJ's decision, a consultative examination is not required. See 20 C.F.R. § 404.1519a. Here, the magistrate judge found that sufficient evidence in the record supported the ALJ's decision not to order a consultative examination. This Court finds no clear error in the magistrate judge's finding.

Finally, the ALJ's assessment of the plaintiff's RFC is supported by substantial evidence. Although the plaintiff suffers from a neurological disorder causing pain and limitations in the hands and legs, the medical evidence generated on or before March 31, 2001 (the plaintiff's last insured date) does not establish that the pain or limitations arising from the disorder render him disabled. According to the medical record, the plaintiff walked with an unsteady gait, required braces to walk on uneven surfaces, and had decreased muscle strength and reflexes. However, the

medical record also establishes that the plaintiff had good muscle tone and "normal" upper and lower extremities. Further, the lifestyle evidence established that the plaintiff was able to care for himself, prepare meals and perform other household chores, drive a car, and shop. In making the RFC assessment, the ALJ credited the plaintiff's statements concerning his pain and limitations and accounted for the plaintiff's asserted limitations on sitting, standing, walking on uneven terrain, using his hands, and working in cold temperature, despite the limited objective medical evidence as of March 31, 2001. The magistrate judge found substantial evidence to support the ALJ's RFC assessment, and this Court finds no clear error in the magistrate judge's finding. Therefore, remand is not warranted on this basis.

IV. <u>Conclusion</u>

Based upon the foregoing, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. For the reasons stated above, the defendant's motion for summary judgment is DENIED, and the plaintiff's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Specifically, the plaintiff's motion for summary judgment is GRANTED insofar as it seeks remand of this action for further proceedings to determine the plaintiff's residual functional capacity in light of the limitations in concentration, persistence, and pace which the Administrative Law Judge identified as arising from the plaintiff's learning

11

disability and DENIED as to the other relief sought.  Accordingly, pursuant to 42 U.S.C. § 1382(c)(3) and sentence four of 42 U.S.C. § 405(g), it is ORDERED that this case be REMANDED for further proceedings to determine the plaintiff's residual functional capacity in light of the limitations in concentration, persistence, and pace identified by the ALJ as arising from the plaintiff's learning disability.  It is also further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 22, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE